HALSEY FIRE-ENGINE COMPANY v. JOSEPH W. DONOVAN.

*Corporations—Action against stockholder.*

Assumpsit cannot be maintained in the name of a corporation against an
original stockholder for the price of his stock, where no assessment
therefor has been made, and the required percentage of capital stock
has never been paid in, and there is no showing of the assent of the
directors to any special arrangement under which it is claimed that
the liability arises. Nor will it lie for stock calls where none have
ever been made.

Error to the Superior Court of Detroit. (Chipman, J.)
June 4.—June 11.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Stewart & Galloway* for appellant. When a party signs
articles of association, as the holder of a certain number of
shares, representing a certain figure, a liability is thereby
created on his part to take and pay them for the amount
called for by such articles: Thompson's Liability of Stock-
holders §§ 105, 125; Boone's Law of Corporations § 119;
Angel & Ames on Corporations § 519 and notes; Morowitz'
Private Corporations § 271; *Dexter & Mason, Plk Rd Co.
v. Millerd* 3 Mich. 91; *Carson v. Arctic Mining Co.* 5 Mich.
288; *Merrimac Mining Co. v. Bagley* 14 Mich. 501; *Upton
v. Tribilcock,* 91 U. S. 45; *Phœnix and Warehousing Co.
v. Badger* 67 N. Y. 294; *Nulton v. Clayton* 54 Ia. 425:
*Fisher v. Seligman* 75 Mo. 13; *Reed v. Richmond &c. R.
R. Co.* 50 Ind. 342; *Hughs v. Antietam Mnfg Co.* 34 Md.
326; *Essex Bridge Co. v. Tuttle* 2 Vt. 393; *Hartford &
N. H. R. R. Co. v. Kennedy* 12 Conn. 514–6, 523–4; *Beene
v. Cahawba &c. R. R. Co.* 3 Ala. 660; *Instone v. Frankfort
Bridge Co.* 2 Bibb 577; *Kirksey v. Florida &c. Plk. Rd.
Co.* 7 Fla. 23; as to estoppel from making calls for stock on
bona fide purchase: *Waterhouse v. Jamieson* L. R. 2 H. L.
Sc. Cas. 29; stock issued as paid-up stock must as to bona fide
purchasers thereof be held to be paid up, and the only remedy
is against the original holder: *McCracken v. McIntyre* 1 Duv.
(Canada) 479; *Foreman v. Bigelow* 4 Clif. 508; *Carling's
Case* L. R. 1 Ch. D. 124; *Nichol's Case* 26 W. R. 334; *Riche
v. Railway* L. R. 9 Ex. 264; *C. & R. I. R. Co. v. How-
ard* 7 Wall. 409; *Guest v. Worcester &c. C. C. Co.*
L. R. 4 C. P. 9; *Holbrook v. New Jersey Zinc Co.*

57 N. Y. 622; forfeiture of stock for non-payment of subscriptions is merely a cumulative remedy, and in no way affects the common-law action against the subscriber personally on his subscription : *Carson v. Arctic Mining Co.* 5 Mich. 288 ; in Massachusetts the statute under which the corporation is organized, gives the sole remedy against a person signing the articles of association where such articles do not contain any promise to pay, but if there is any express promise on any subscription paper or otherwise, personal action will lie : *Worcester T. Cor. v. Willard* 5 Mass. 80 ; *Andover T. Cor. v. Gould* 6 Mass. 40 ; subscriptions to stock made before signing the articles do not bind the association : *Carlisle v. Sag. Valley &c. R. Co.* 27 Mich. 315 ; *Poughkeepsie &c. P. C. Co. v. Griffin* 24 N. Y. 150 ; *Troy &c. R. Co. v. Tibbits* 18 Barb. 297 ; *Macedon &c. P. R. Co. v. Snediker* 18 Barb. 317; but a subscriber's obligation to pay is fixed by the contract, and a call or demand for payment need not precede an action for it : *Lake Ont. R. Co. v. Mason* 16 N. Y. 464 ; no valid assessment or call can be made before all the stock is subscribed or taken : Boone on Corporations, § 113 : *Shurtz v. Schoolcraft & Three Rivers R. R. Co.* 9 Mich. 269 ; *Stoneam Branch R. R. Co. v. Gould* 2 Gray 278 ; but a subscriber who takes part in corporate action that would be proper only where the capital is fully subscribed is estopped from claiming that it is not : *Cabot &c. Bridge v. Chapin* 6 Cush. 53 ; *Hager v. Cleveland* 36 Md. 476 ; *Bucksport &c. R. R. Co. v. Buck* 68 Me. 81 ; *N. H. Central R. R. Co. v. Johnson* 30 N. H. 407 ; no one can call in question the legality of any call or assessment which he participates in making : *Macon &c. R. R. Co. v. Vason* 57 *Ga.* 314 ; *Williamette Freighting Co. v. Stannus* 4 Oreg. 261 ; *Graff v. P. & S. R. R. Co.* 31 Penn. St. 489 ; *Miller v. Hanover Junction* 87 Penn. St. 95 ; *Graff v. Railroad Co.* 31 Penn. St. 489 ; *Chandler v. Brown* 77 Ill. 335 ; *Melvin v. Lamar Ins. Co.* 80 Ill. 446 ; *N. H. Cent. R. Co. v. Johnson* 30 N. H. 390 ; *Selma &c. R. Co. v. Tipton* 5 Ala. 787 ; subscriptions to the stock form a trust fund for the payment of all debts of the company : *Sanger v. Upton* 91 U. S. 56 ; *Hatch v. Dana* 101 U. S. 205, 214; *Curry v. Woodward* 53 Ala. 375 ; *Adler v. Milwaukee &c. Brick Co.* 13 Wis. 60 ; *Hyatt v. McMahon* 25 Barb. 457 ; *Dayton v. Borst* 31 N. Y. 435 ; *Henry v. Vermillion &c. R. R. Co.* 17 Ohio 187, 191 ; *Ward v. Griswoldville Mnfg Co.* 16 Conn. 601 ; the creditors may follow the debt, i. e. the subscription, and even compel the corporation to collect the same : *Marsh v.*

*Burroughs* 1 Woods 463; *Hightower v. Thornton et al.* 8 Ga. 486, 497; a receiver when appointed represents both the corporation and the creditors: Morowitz § 585; he makes a call upon the subscribers just as the corporation would do, and his rights are the same as those of the corporation, and his right to recover is based on the right of such corporation to recover also, had no receiver been appointed and suit brought in its name: *Upton v. Tribilcock* 91 U. S. 45; *Griswold v. Seligman* 72 Mo. 110; *Fisher v. Seligman* 75 Mo. 13: *Hightower v. Thornton* 8 Ga. 486: *Marsh v. Burroughs* 1 Woods 463; *Ogilvie v. Knox Ins. Co.* 22 How. 380; *Germantown &c. Ry. Co. v. Fitler* 60 Penn. St. 124; *Ward v. Griswoldville Mnfg Co.* 16 Conn. 601; *Curry v. Woodward* 53 Ala. 375; *Adler v. Milwaukee &c. Brick Co.* 13 Wis. 60; *Dayton v. Borst* 31 N. Y. 435; *Henry v. Vermillion R. R. Co.* 17 Ohio 187, 191; no stockholder can be discharged by a rescission or cancellation of his contract except with the unanimous consent of the other members: *Bedford R. R. Co. v. Bowser* 48 Penn. St. 29; *Burrall v. Bushwick R. R. Co.* 75 N. Y. 211; *Gill v. Balis* 72 Mo. 424; *United Society v. Eagle Bank* 7 Conn. 457; recovery was had under the common counts in *Southampton Dock Co. v. Richards* 1 Man. & G. 448; *Thrasher v. Pike Co. R. R. Co.* 25 Ill. 393; where contracts have been completely performed on the one side, and all that remains to be done on the other, is the payment of money, recovery will lie under the common counts: 2 Greenl Ev. § 104; *Blackwood v. Brown* 34 Mich. 4; *Begole v. McKenzie* 26 Mich. 470; *Moon v. Harder* 38 Mich. 566; *Fletcher v. Bradford* 45 Mich. 349; *Gooding v. Hingston* 20 Mich. 439; some cases hold the liability of subscribers to stock to be the same as though they had signed a note for the same amount: *Hatch v. Dana* 101 U. S. 210; *H. & N. H. R. R. Co. v. Kennedy* 12 Conn. 507.

*J. B. McCracken* and *Alfred Russell* for appellee.

CAMPBELL, J. This case appears from the bill of exceptions to have been tried on the theory that defendant was indebted to plaintiff in the sum of $1200, as part of the amount due for capital stock in the corporation, of which he was an original member. As the court directed a verdict for the defendant, no other questions arise except as to the correctness of this ruling.

The company was organized under articles which set out
that the capital stock was $500,000, being 20,000 shares of
$25 each. They recited that $50,000 of the said capital
stock is paid up. The number of shares taken was 16,900,
of which defendant held 2000. The largest holder was
Menzo D. Halsey, who held 12,000 shares, or $300,000.

The declaration contained one special count and the com-
mon counts. The special count averred the sale by the cor-
poration to defendant Donovan of 2000 shares for $1200.
But there was no evidence of any such sale. He was an
original associate in organizing the company, and by the
articles he was put on the statutory basis of all other stock-
holders—bound to pay $25 a share, in such installments as
should be required, by regular assessments.

The only evidence of any $1200 arrangement was that
before the company was organized an arrangement was made
by defendant, Halsey, and Mr. Dickinson that they would
organize on a basis that defendant and Dickinson should each
have 2000 shares, and pay $1200 for them, and that Halsey
should have 12,000 shares for the machine which was the
chief purpose of the incorporation. There was never any
recognition of such an arrangement by the company or its
directors, and no such thing appears in the articles, which
leave these parties on the same footing with the others named,
and liable to the statutory liability for what they had not
paid.

The statement that $50,000 had been paid up, does not
show who had paid it. All of the stock was not taken, and
it could not be a percentage of two dollars and a half a share.
No charge was made on the books indicating that defendant
had been credited without paying, or charged on any such
basis, or had assented to any such liability. No assessment
was ever made.

It is impossible on such a state of things to hold defendant
liable for $1200, or any other sum, as due for stock under the
issue in this case.

If, as claimed, there are equities arising out of the method
of dealing after the organization, they cannot be enforced in

this action of assumpsit for the price of stock, or for stock calls, as none were ever made.

The judgment below so holding must be affirmed.

The other Justices concurred.